Harold E. McCullough v. Commissioner. Lena Fay McCullough v. Commissioner. Arthur McCullough v. Commissioner. Glenna McCullough v. Commissioner.
Harold E. McCullough v. Commissioner
Docket Nos. 21808, 21809, 21810, 21811.
United States Tax Court
1949 Tax Ct. Memo LEXIS 126; 8 T.C.M. (CCH) 657; T.C.M. (RIA) 49175; July 14, 1949
*126 R. B. Cannon, Esq., 909-13 Sinclair Bldg., Fort Worth, Tex., for the petitioners. Robert C. Whitley, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined deficiencies in income tax for 1945, as follows: Petitioner
Docket No.
Deficiency
Harold E. McCullough
21808
$1,900.78
Lena Fay McCullough
21809
1,968.37
Arthur McCullough
21810
1,968.37
Glenna McCullough
21811
1,900.78
Contending that the factual situation and the sole issue presented by the pleadings are similar to those presented in (appealed by the respondent to the United States Court of Appeals for the Fifth Circuit on June 6, 1949), and that the holding in that case is controlling here, the petitioners have moved for judgment on the pleadings. While conceding the similarity of the facts and the issue in the present cases to those in the Sullenger case and that our holding in that case is controlling here, the respondent contends that the motion of the petitioners should be denied for the reason that our holding in the Sullenger case has not become final, since that case is now pending on appeal. *127 [The Facts] The material facts in the instant proceedings, as shown by the pleadings, are that: During all times material to these proceedings, Arthur McCullough and Lena Fay McCullough were husband and wife, and residents of Texas. Harold E. McCullough and Glenna McCullough were also husband and wife, and residents of Texas. The 1945 income tax returns of the petitioners, prepared on the community basis, were filed with the Collector at Dallas, Texas. Throughout 1945 Arthur McCullough and his son, Harold E. McCullough, were equal partners in a partnership which operated under the name of "McCullough Used Cars" and which was engaged in the purchase and sale of used cars in Fort Worth, Texas. During 1945 the partnership sold a number of used cars having a total actual cost to it of $92,106.13. That amount was used by the partnership in determining the profit reported by it in its 1945 return of income from the sale of the cars and likewise in determining the distributive shares of the partners of the partnership income. Upon examining the partnership return, the respondent determined that the maximum O.P.A. ceiling price for such used cars was $65,205.55, or $26,900.58 less *128 than the amount of $92,106.13, actually paid by the partnership therefor. The respondent determined that the $26,900.58 was not to be treated as a part of the cost of the cars in determining the partnership income from the sale of the cars. He accordingly increased the reported gross and net income of the partnership by that amount, which, in turn, resulted in proportionate increases in the distributive shares of partnership net income and the community one-half of the petitioners in such shares. For the purposes of their motion, the petitioners admit that in acquiring the automobiles sold in 1945, the partnership paid $26,900.58 in excess of the then current maximum O.P.A. ceiling price. [Opinion] The sole issue presented is whether in determining partnership income from the sale of the cars the respondent erred in refusing to allow the $26,900.58 as a part of the cost of the cars. In the Sullenger case, the taxpayer operated a meat business and for the meat sold during the taxable years involved paid amounts in excess of O.P.A. prices in effect at the time of the purchases. The issue there was whether in determining the income from the sale of the meat the respondent erred *129 in refusing to treat such excess amounts as part of the cost of the meat sold. We there held that the taxpayer was entitled to have such excess treated as part of the cost of the goods sold in determining income from the sale thereof. On the facts alleged in the petitions and admitted by the respondent in his answers, the Sullenger case is controlling. Decision will be entered for the petitioners.